UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Robert Harvie Payne,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　C/A No. 6:12-2939-DCN-KFM
　　　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)　**Report and Recommendation**
　　　　　　　　　　　　　　　　　　　　　　)
Ira Grossman;　　　　　　　　　　　　　　　)
Town of Mount Pleasant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendants.　　　　　)
_____

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Charleston County Detention Center. The Defendants are the Town of Mount Pleasant and its "Town attorney" (municipal attorney Ira Grossman).

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint indicates that Plaintiff is, allegedly, being denied his right to a speedy trial on three municipal court charges for which he was arrested on May 29, 2011. One of the charges related to his residing on a houseboat. In his prayer for relief, Plaintiff seeks a jury trial, a temporary injunction, actual damages of $10,000 per month, punitive damages of $20,000 per month, attorney fees and court costs, and such other relief seemed appropriate by the court.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The above-captioned case is barred by the doctrine established in cases such as *Younger v. Harris*, 401 U.S. 37 (1971), which hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*,

the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a federal district court from enjoining such proceedings. *Accord Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

Plaintiff's claims in the above-captioned case have also been addressed in a prior civil action. In *Robert Harvie Payne v. Town of Mount Pleasant; and Ira Grossman*, Civil Action No. 2:12-277-DCN-KFM, Plaintiff on January 30, 2012, brought a civil rights action based on the same facts raised in the above-captioned case. In a Report and Recommendation filed in Civil Action No. 2:12-277-DCN-KFM on February 1, 2012, the undersigned recommended summary dismissal of the case and the imposition of a "strike" under the Prison Litigation Reform Act. On February 9, 2012, Plaintiff filed objections and a motion to dismiss *without prejudice*. The Honorable David C. Norton, United States District Judge, granted the motion to dismiss on February 28, 2012.

In the above-captioned case (Civil Action No. 6:12-2939-DCN-KFM), this Court may take judicial notice of Civil Action No. 2:12-277-DCN-KFM. *See, e.g., Colonial*

*Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

Plaintiff is not entitled to attorney's fees in this civil rights action. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

October 23, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).